MEMORANDUM
LETTS, J.
The issue here arises upon demurrer of the defendants to the traverse of the plaintiff to the answer of the defendants.
The precise question is resolved into an inquiry as to the correct construction of a statute which provides that no child shall be admitted to the public schools of the District of Columbia who shall not have been duly vaccinated or otherwise protected against smallpox. The plaintiff contends that the statute does not authorize the Board of Education to promulgate certain regulations, for the administration of this law, requiring a pupil to be successfully vaccinated or otherwise protected from smallpox and to revaccinate the pupil when the first operation has not been successful in producing the symptoms which indicate that the vaccination has been successful. Plaintiff admits that the Board of Education has the power to promulgate appropriate regulations but insists that the statute simply requires the operation without reference to the result.
The court thinks this statute, as all others, should be construed in the light of the result sought to be accomplished. The result by this statute was that pupils should be immune to smallpox. Plaintiff’s construction of the statute would nullify the use of the word “duly.” It must have been the intention of Congress to require more than the operation of vaccination when it used the word “duly.” The words “duly vaccinated” give a broader meaning than the word vaccinated. The word “duly” means “sufficiently.” To say that a thing shall be “duly” done implies that it shall be done in a fit or becoming manner, or that it shall be done in a regular or or *125 derly manner. In all respects it relates to the result or object in view.
This construction of the statute is made more necessary by reference to the following language “or otherwise protected against the smallpox.” It will be seen that what Congress really said was that the pupil should be protected against smallpox by being “duly vaccinated” or protected against smallpox in some other manner. When the statute was passed, in 1864, protection against smallpox by vaccination was well understood. Congress realized that other means of protection against smallpox might be discovered and approved by the medical profession. In any event Congress sought to provide, as a result of this legislation, that the pupil should be immune from the disease. To construe the words “duly vaccinated” as simply meaning the operation without reference to the result sought would be to nullify the Congressional intent.
It is admitted that it is the practice in the medical profession to vaccinate a second or a third time if the prior operation or operations be ineffective; that it has been the practice of the Health Department, from 1894 to the present time, and is now the practice, to require a second vaccination if the first be not effective, and to require a third if the second be not effective, before the child is admitted to the public schools.
The court thinks that the regulations of the Board of Education, promulgated for the administration of the vaccination law, are wholly proper and designed to administer the law in its true spirit. Accordingly, the demurrer of the defendants to the traverse of the plaintiff will be sustained.
It is so ordered.